```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


ARIF A. DURRANI,                  :
        Plaintiff,                :
                                  :               PRISONER
     v.                           :  CASE NO:  3:07cv1240(CFD)
                                  :
HOLLY B. FITZSIMMONS, ET AL.,     :
        Defendants.               :
```

Ruling and Order

Plaintiff Arif A. Durrani, incarcerated and pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). On September 8, 2008, the court dismissed the claims regarding plaintiff's citizenship without prejudice to filing a motion to reopen in Durrani v. INS, Case No. 5:91cv304 (TFGD), dismissed the claims asserted pursuant to 18 U.S.C. §§ 241, 242 and 245 because no private right of action exists under those federal statutes and dismissed the claims relating to his 1987 conviction because plaintiff failed to demonstrate that his conviction or sentence had been invalidated, as required by Heck v. Humphrey, 512 U.S. 477 (1994) and Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).

Plaintiff now seeks to have the court reconsider its ruling and dismiss the claims in this action without prejudice to filing a motion to reopen after various challenges to his 1987 conviction have been adjudicated. The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995). Reconsideration is appropriate only "if there has been an intervening change in controlling law, there is new evidence, or a need is shown to correct a clear error of law or to prevent manifest injustice." United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994).[1]

Plaintiff has failed to identify any change in controlling law, new evidence or clear errors of law or fact pertaining to the court's ruling dismissing the complaint. In addition, he has not shown a need "to prevent manifest injustice." Id.

Plaintiff provides no basis for dismissing the claims regarding his citizenship without prejudice to his moving to reopen this action. As stated above, the court dismissed those claims without prejudice to plaintiff moving to reopen Durrani v. INS, Case No. 5:91cv304 (TFGD) because plaintiff had raised the same arguments regarding his citizenship in that action. The court notes that the docket sheet in that case reflects no motion

---

[1] Plaintiff's motion is entitled "Rule 59(e) Request to Alter or Amend the Judgment Dated 09/02/08." Rule 59(e) motions are analyzed under the same standard as motions for reconsideration. See City of Hartford v. Chase, 942 F.2d 130, 133-34 (2d Cir. 1991) ("Motions for reconsideration ... are as a practical matter the same thing as motions for amendment of judgment under Fed. R. Civ. P. 59(e)-each seeks to reopen a district court's decision on the theory that the court made mistaken findings in the first instance.")

to reopen having been filed by the plaintiff.

Plaintiff asserts that the court should dismiss the claims regarding his 1987 conviction without prejudice to his moving to reopen the case at a later date because the court has taken such a long time to rule on a section 2241 petition and motions filed in his criminal case in 2007. To the extent that the plaintiff is concerned that the applicable statute of limitations might bar a claim for damages if the court invalidates his conviction at a future date, that concern is unwarranted. The Second Circuit has held that in a situation "where the viability of the plaintiff's claims depends on his conviction being invalidated, the statute of limitations begins to run upon the invalidation, not the time of the alleged government misconduct." Amaker v. Weiner, 179 F.3d 48, 51, 52 (2d Cir. 1999). For the reasons set forth above, plaintiff's Motion for Reconsideration [**doc. # 14**] is **DENIED**.

**SO ORDERED** at Hartford, Connecticut this 29th day of January, 2009.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge